UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Regions Bank

versus

Bonsai Sushi Downtown Lafayette LLC, et al

Civil Action No. 09-0422

Judge Tucker L. Melançon

Magistrate Judge Patrick J. Hanna

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Summary Judgment filed by plaintiff Regions Bank ("Regions") [Rec. Doc. 27] against defendants Bonsai Sushi Downtown Lafayette, LLC and Bonsai Sushi LLC.[2] For the reasons that follow, the Motion will be granted.

*I. Background*

The record provides the following undisputed facts. On December 19, 2007, Paul D. Le, as representative of Bonsai Sushi Downtown Lafayette, LLC ("Le"), executed a Promissory Note in favor of Regions in the principal amount of Four Hundred Seventy-one Thousand Eight Hundred and no/100 dollars ($471,800.00), bearing interest at nine and three-fourths (9.75%) per annum, until paid (the "Note"). *R. 27, Exh. A(1)*. Le executed a U.S. Small Business Administration Security Agreement dated December 19, 2007 to secure its indebtedness to Regions, "including all costs and expenses (including reasonable attorney's fees), incurred by Regions in the collection of the loan" ("Security Agreement"). The Security Agreement provides that Le grants to Regions a security interest in all of its "a.

---

[1] Pursuant to 7.5 W, the opposition to the Motion was due on May 4, 2010.

[2] Plaintiff originally named Paul D. Le as a defendant in this action. Le filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 9, 2009 and the Court administratively terminated this action pursuant to the bankruptcy court's automatic stay. *R. 18.* On February 3, 2010, the bankruptcy court lifted the automatic stay in part with respect to Region's claims against Bonsai Sushi Downtown Lafayette, LLC and Bonsai Sushi, LLC. Regions dismissed Le from this action on March 16, 2010 and reopened the case. *R. 22, 25.*

Equipment; b. Fixtures; c. Inventory; d. Accounts; e. Instruments; f. Chattel paper; g. General intangibles; h. Documents; and j. Deposit accounts" as well a "Certificate of Deposit #0442904694 in the name of Paul Le in the sum of $50,000.00; and the property located at 209 Pontalba Drive." *Id. at Exh. A(2), Exh. A*.

Bonsai Sushi, LLC ("Bonsai") guaranteed all amounts owing under the Note and granted broad security interests and other collateral rights to Regions by executing a U.S. Small Business Administration Unconditional Guarantee dated December 19, 2007 (the "Unconditional Guarantee"). *Id. at Exh. A(3)*. The Unconditional Guarantee executed by Bonsai includes a grant to Regions of security interests in "any property taken as security for payment of the Note or any guarantee of the Note." *Id. at Exh. A(3), §§ 3, Collateral*. Regions identified the specific collateral to other potential creditors by filing a UCC-1 on or about January 3, 2008, which perfected Regions' security interest in Bonsai's equipment, fixtures, inventory, accounts, instruments and other collateral. *Id. at Exh. A(4)*.

The Note states that Le must pay a total of six interest-only payments on the disbursed principal amount beginning one month after the date of the Note. Under the terms of the Note, Le must also make principal and interest payments of $7,770.81 every month. Both of these payments must be made by Le on the eighteenth calendar day in the months they are due. Le and Bonsai defaulted on the Note and other documents by failing to make the scheduled monthly payments that were due on November 18, 2008, December 18, 2008, and January 18, 2009. *Id. at Exh. A(1)*.

Regions formally notified defendants of their default on the Note, which included the failure to make the monthly payments amongst other defaults, and demanded payment in full by letter dated February 4, 2009 (the "Demand Letter"). *Id. at Exh. B(2)*. The Demand Letter also notified the defendants that the entire outstanding balance owed under the Note

had been accelerated. *Id.* Following defendants failure to pay the Note, Regions elected to exercise its right to offset the outstanding indebtedness owed on the Note by applying the $50,000.00 Certificate of Deposit. Regions filed this motion against defendants, jointly and severally[3], as provided by the Note, Security Agreement and Unconditional Guarantee, on April 13, 2010 for the remainder of the principal, $403,200.20, plus interest, late fees and attorney's fees provided under the Note.

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[4] *Id.*

---

[3] The phrase "jointly and severally liable" is a common law term interpreted by Louisiana courts to be equivalent to liability "in solido." *Tramonte v. Palermo*, 640 So.2d 661, 666 (La.App. 3 Cir.,1994).

[4] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

3

at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Law and Analysis

In its unopposed motion for summary judgment, Regions asserts that defendants owe the unpaid principal balance due on the Note, Four Hundred Three Thousand Two Hundred and 20/100 ($403,200.20) dollars, together with accrued interest as of April 12, 2010 in the amount of $60,523.20 and $109.20 per diem thereafter. *Id. at Exh. A, ¶ 4*. Regions also

asserts that, pursuant to the terms of the Note and related documents, defendants owe late charges in the amount of $6,605.18 and reasonable attorneys' fees incurred by Regions in collecting the amounts due under the Note. *Id., Exhs. A(1), ¶ 6(B); A(2), ¶ 3; A(3), ¶ 9.A.* Regions also prays for judicial recognition of its security interest in the collateral owned by Bonsai Sushi Downtown Lafayette, LLC and Bonsai Sushi, LLC, specifically including all equipment, fixtures, inventory, accounts, instruments, chattel paper, general intangibles, documents and any future assets.

The fact that defendant did not file an opposition to Regions' motion, does not necessarily mean Regions should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, plaintiff's failure to file an opposition and statement of contested material facts requires the Court to deem Regions' statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

It is well settled that suits on promissory notes are appropriate questions for summary judgment. *See, e.g. Colony Creek, Ltd v. RTC*, 941 F.2d at 1325-26 (5th Cir.1991) (citing *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir.1973)); *Federal Deposit Insurance Corp. v. Cardinal Oilwell Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988); *American Bank v. Saxema*, 553 So. 2d 836 (La. 1989); *Premier Bank v. Percomex, Inc.*, 615 So. 2d 41, 43 (La. App. 3d Cir. 1993). The elements of an action for breach of a promissory note and guaranty are: 1) that the note and guaranty existed; 2) that defendants signed the note and guaranty; 3) that the plaintiff legally owned and held the note and guaranty; 4) that default occurred;

and 5) that a certain balance remains due and payable on the note. *F.D.I.C. v. Foxwood Management Co.*, 15 F.3d 180 (5th Cir. 1994). "Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence." *Premier*, 615 So. 2d at 43. Once the plaintiff has met his burden of proof, the burden shifts to the defendant to prove the existence of a triable issue of fact. *Id.* (citing *Saxema*, 553 So. 2d at 846).

The record is undisputed as to the existence of the promissory note and guaranty between Regions and defendants, meeting the first element in proving breach of the Note. As to element number 2, defendants admitted the genuineness of the Note and the Unconditional Guarantee bearing the defendants' signatures in their Answer to Regions' Complaint. *See R. 1, Complaint, ¶¶ 8, 14, 15; R. 7, Defendants' Answer, ¶¶ 8, 14, 15.* Moreover, Regions served Bonsai with these specific requests for admissions. *Exh. B(1), Regions' Request for Admissions, Nos. 1-5, 9-10.* Because defendants did not respond to Regions' Requests for Admissions, defendants are deemed to have admitted the genuineness of their signatures. *See* Fed. Rule Civ. Proc. 36(a)(3) (matters are admitted unless within 30 days after service of the requests the party to whom the request is directed serves upon the party requesting the admission a written answer or objection signed by the party or its attorney). Rule 36(b) specifies that any matter admitted is conclusively established. *See American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke,* P.C., 930 F.2d 1117, 1120 (5th Cir.1991)("This conclusive effect applies equally to admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim."). To establish the third element Regions must be the holder of the note. Louisiana law defines a holder in due course as one who takes the instrument

6

for value, in good faith and without notice that the note is overdue or has been discharged or dishonored or was subject to adverse claims or defenses. La. R.S. 10:3-302. The undisputed record establishes that Regions is the original holder of the Note and is a holder in due course of a negotiable instrument, as defined in La. R.S. 10:3-302. *See* La. R.S. 10:3-301 *et seq*. Finally, the affidavit of Christine Gaston, Regions' Vice-President in charge of the obligations owed by defendants, provides undisputed summary judgment evidence that defendants defaulted on the note and the balance remains past due, establishing elements four and five. *R. 27, Exh. A, Aff. Of Christine Gaston*. Thus, Regions has established its right to enforcement of the Note and entitlement to recover the amounts due under the Note.

### *IV. Conclusion*

As determined in the foregoing, defendants admit the validity of the Note and Unconditional Guarantee as well as their signatures on the Note and Unconditional Guarantee. The summary judgment evidence proves that the payment is past due. Accordingly, the Court will grant Regions' motion for summary judgment against defendants Bonsai Sushi Downtown Lafayette, LLC and Bonsai Sushi, LLC, *in solido*, in the amount of Four Hundred Three Thousand Two Hundred and 20/100 ($403,200.20) dollars in principal, together with accrued and unpaid interest in the amount of $60,523.20 as of April 12, 2010, and $109.20 per diem thereafter, as well as all applicable late fees in the amount of $6,605.18 and reasonable attorneys' fees incurred by Regions in the collection of the amounts owed by defendants under the Note and accompanying documents, to be calculated under the Lodestar method.